## No. 11,885.

### LARGO *v*. INDUSTRIAL COMMISSION, ET AL.

#### Decided September 19, 1927.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1.  WORKMEN'S COMPENSATION—*Dependency.* Claimant's deceased son gave her his pay check and she supported him; another son paid her $30 a month "as board." Under these facts, a finding of the commission that claimant and her minor daughter were 50 per cent dependent upon deceased, is upheld on review.

*Error to the District Court of Boulder County, Hon. Robert G. Smith, Judge.*

Mr. EDWARD AFFOLTER, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, Mr. FRANK C. WEST, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission awarded plaintiff in error one-half compensation for the death of her son Dominic, the district court affirmed the award and she brings error.

She claims full compensation because she claims she was wholly dependent on him for support. Whether she was so is the only question in the case. Dominic was 26 and another son, Antonio, who also lived with her, was 24 years old.

The findings pertinent to the present questions were that "Dominic Largo, the decedent, turned his pay check over to his mother and she paid for his board, room, clothing and other necessities and furnished him with spending money. Antonio paid $30 a month, as board," and that the claimant and her minor daughter "were dependent on decedent to an extent equivalent to fifty per cent of total dependency."

The argument of plaintiff in error is that the words "as board" conclusively show that Antonio was not contributing to the support of his mother and minor sister and hence Dominic was their sole support and that therefore the award is not supported by the findings. C. L. § 4364.

We cannot agree with such conclusion. It is possible and indeed probable that Antonio's payment of board

was his method of contribution to the support of those to support whom it was as much his duty as Dominic's. Suppose Dominic also had paid board to his mother as his method of supporting her, could the commission have said that she was not dependent on him at all, or if in such case they had found her dependent fifty per cent and awarded her one-half compensation, could the courts have said that the award was wrong?

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.